UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **DAVID W. SVETE,** | Case No. CV 16-7618-MWF(AJW) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| **STEVE LANGFORD, Warden,** | **DISMISSING PETITION WITHOUT PREJUDICE** |
| Respondent. | |

Petitioner, a federal inmate, filed this petition for a writ of habeas corpus on October 13, 2016. On October 14, 2016, the petition was dismissed without prejudice and with leave to amend. The order dismissing the petition cautioned petitioner that failure to timely file an amended petition might result in dismissal of the petition. The October 14, 2016 order was returned to the Court as not deliverable. Consequently, on November 1, 2016, the Court issued an order correcting petitioner's address and extending the time for petitioner to file an amended petition. Petitioner's amended petition was due on November 29, 2016. Petitioner has neither filed an amended petition nor requested an extension of time to do so.

A district court's authority to dismiss a litigant's action for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-630 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts." Link, 370 U.S. at 629-630.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders or rules, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prod. Liability Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (same), cert. denied, 538 U.S. 909 (2003); see, e.g., Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (failure to comply with discovery orders); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute), cert. denied, 523 U.S. 1007 (2001); Ferdik, 963 F.2d at 1260-61 (failure to comply with orders); Carey, 856 F.2d at 1441 (failure to comply with local rule). Regardless of whether a litigant's conduct is most properly characterized as a failure to prosecute or as a failure to comply with court orders or rules, the applicable standard is the same.

In this case, the first, second, and third factors favor dismissal. See Pagtalunan, 291 F.3d at 642 (noting that the first factor – the public's interest in the expeditious resolution of litigation – "always favors dismissal") (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004) (discussing the second factor – the court's need to manage its docket – and stating that when a plaintiff does nothing, "resources continue to be consumed by a case sitting idly on the court's docket"); In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (stating with regard to the third factor – the risk of prejudice – that in the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay). Further, plaintiff was warned that his failure to file an amended petition within the time allowed could lead to dismissal, so the fourth factor also supports dismissal. See In re PPA Prod. Liability Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.").

The fifth factor – the public policy favoring disposition of cases on their merits – weighs against dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a

2

litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1452 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled that obligation.

Consideration of the relevant factors support the conclusion that dismissal is warranted. See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal).

Prior to dismissal on the court's own motion, a pro se petitioner should be notified of the basis for dismissal and warned that dismissal is imminent. See Ferdik, 963 F.2d at 1262; West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). That prerequisite has been satisfied in this case.

Dismissal under Rule 41(b) may be with or without prejudice. See Fed. R. Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Under the circumstances of this case, dismissal without prejudice is appropriate.

For the foregoing reasons, this action is dismissed without prejudice.

**It is so ordered**.

Dated: January 10, 2017

_____
Michael W. Fitzgerald
United States District Judge